UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TERESA TRENT, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>)<br>Defendant. ) | Civil No. 11-122-GFVT<br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

The Plaintiff, Teresa Trent, brought this action pursuant to 42 U.S.C. §§ 405(g), 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Trent's applications for disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record and for the reasons set forth below, will deny Trent's Motion for Summary Judgment [R. 13] and grant the Defendant Commissioner's Motion for Summary Judgment [R. 15].

**I.**

Trent filed applications for DIB and SSI on August 16, 2007. [Tr. 74, 113-117.] She alleges disability, beginning on July 13, 2005. [Tr. 113, 118.] Trent's applications were denied initially on December 5, 2007, and on reconsideration on June 16, 2008. [Tr. 80-83, 87-89, 90-02.] An administrative hearing was conducted before Administrative Law Judge Todd Spangler on October 26, 2009. [Tr. 24.] During the hearing, the ALJ heard testimony from Trent and Vocational Expert Joyce Forrest. [Tr. 28, 46.] At the time of the hearing, Trent was 39-years-old with limited education. [Tr. 17.]

In evaluating a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

In this case, at Step 1, the ALJ found that Trent has not engaged in substantial gainful activity since the onset of the alleged disability. [Tr. 11.] At Step 2, the ALJ found that Trent's medically determinable impairments, reactive airway disease, also diagnosed as occupational asthma and anxiety disorder not otherwise specified, were "severe" based on the standards set forth in the Regulations, *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). [*Id.*] At Step 3, the ALJ found that Trent's impairments did not

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 13.] At Step 4, after determining that Trent possessed the residual functional capacity ("RFC") to perform a restricted range of medium work, the ALJ found that she was unable to perform her past relevant work. [Tr. 16.]

Thus, at the fifth step, "the burden shift[ed] to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones*, 336 F.3d at 474. Here, the ALJ concluded that there were a significant number of jobs in the economy that Trent could perform. [Tr.17.] Accordingly, on November 25, 2009, the ALJ issued an unfavorable decision, finding that Trent was not disabled, and therefore, not entitled to DIB or SSI. [*Id.*] The Appeals Council declined to review the ALJ's decision [Tr. 1], and Trent now seeks judicial review in this Court. The parties have filed cross motions for summary judgment [*see* R. 13, 15], which are now ripe for the Court's review.

## II

### A.

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a

zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

**B.**

Trent's first argument is that the ALJ erred by failing to give appropriate weight to the opinion of Dr. Charles Jones, Trent's treating physician. [R. 13-1, at 3.] Careful review of the record, however, establishes that the ALJ gave the appropriate weight to Dr. Jones' opinions.

The Regulations provide a framework for the evaluation of opinion evidence. With regard to treating source opinion evidence, the applicable Regulation provides:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it

4

> controlling weight. When we do not give the treating source's opinion
> controlling weight, we apply the factors listed in paragraphs (d)(2)(I) and
> (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through
> (d)(6) of this section in determining the weight to give the opinion. We
> will always give good reasons in our notice of determination or decision
> for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2). Although the opinion of a treating source is not necessarily binding, an ALJ is required to set forth some basis for the decision to reject a treating source opinion. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *see also Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 725 (6th Cir. 2004) (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ gave good reasons for his decision not to give controlling weight to a treating source opinion, as required by the governing Regulation).

As required by 20 C.F.R. § 404.1527(b), the ALJ considered Dr. Jones' opinion and clearly explained why he gave it little weight. He remarked that the Dr. Jones' opinion, in the form of the physical RFC assessment, was inconsistent with the medical evidence in the record, and with Dr. Jones' previous treatment notes. [Tr. 16.] As an example of the inconsistency, on March 6, 2008, only a few weeks before the physical RFC assessment, Dr. Jones examined Trent. In that examination, Dr. Jones' noted that Trent exhibited "normal respiratory rate and pattern with no distress." [Tr. 374.] While in the physical RFC assessment, conducted only twenty-two days after the March examination, Dr. Jones found Trent only capable of sedentary work. [Tr. 380.] Also, Dr. Jones, in the year before the RFC assessment, noted that Trent was only "somewhat limited from heavy exertion due to her respiratory disease." [Tr. 240.]

Because of the apparent inconsistencies in Dr. Jones' evaluations, the ALJ's reliance on other evidence to discount Dr. Jones' opinions was proper. The ALJ found

that "November 2007 pulmonary function testing revealed the claimant had very mild chronic pulmonary disease and normal spirometry." [Tr. 19.] He also found Trent's ability to play basketball an indication that she was capable of performing some lifting, standing, or walking. [Tr. 15-16.]

Because the ALJ clearly articulated his reasons for giving Dr. Jones' opinions little weight in light of the overall evidence in the record, the procedural safeguards required by the regulations have been met here. *See, e.g., Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 470 (noting that the ALJ complied with procedural safeguards of Section 404.1527 because he provided sufficient reasons for rejecting the opinions of the treating physicians); *Smith v. Comm'r of Soc. Sec*. 482 F.3d 873, 877 (6th Cir. 2007) (affirming ALJ decision not to give treating physician's opinion controlling weight where the opinions were "inconsistent with the overall evidence of record" as this was "a factual determination within his discretion under § 404.1527(d)(2)").

The Regulations require the ALJ to look to the record as a whole – not just to medical opinions – to decide whether substantial evidence is inconsistent with a treating physician's assessment. *See* 20 C.F.R. § 404.1527(d)(2), (4). Under this standard, the ALJ could properly find that Dr. Jones' opinion was not entitled to controlling weight.

Thus, after reviewing the record, the Court finds that the ALJ's decision that Trent is not disabled is supported by substantial evidence. Moreover, even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey*, 987 F.2d at 1233.

**C.**

Next, Trent's argument is based on the severity of her impairments. The ALJ found that Trent has severe impairments, but concluded that they did not qualify her for the benefits for which she applied. Trent, unsatisfied with this answer, asserts that "[e]ven the Social Security examiner, Andrew Jones, [], diagnosed [her] with major mental issues and assigned a GAF of 45." [R. 13-1, at 4.]

Trent underwent a consultative psychological examination in November 2007 with Dr. Jones. In his report, [Tr. 332] Dr. Jones found the claimant without the mental skills and coping mechanisms to adapt or respond to pressures normally found in occupational settings and characteristic of a daily work atmosphere. [Tr. 342-43.] The ALJ rejected Dr. Jones' opinions, explaining that his assessment "is not supported by the claimant's treatment records and [is] inconsistent with [Trent's] own description of her eleven year work history." [Tr. 16.]

The ALJ's decision is supported by substantial evidence. An examining physician's opinion is not accorded the same presumptive weight as a treating physician's opinion. *Kornecy v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006). Additionally, the Sixth Circuit has not found "any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score…" *Id.* at 511 (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002).

The ALJ relied on the examinations of two state agency psychologists, Ed Ross, Ph.D. and Ilze Sillers, Ph.D., whose observations contradicted the opinions of Dr. Jones. Specifically, Dr. Ross found Trent capable of tolerating coworkers, maintaining focus for two-hour periods across a normal workday, and adapting to gradual change while at

work. [Tr. 344-47.] Given the existence of this information, the ALJ's rejection of Dr. Jones' opinions was appropriate.

### D.

Trent also asserts that the ALJ failed to consider the combined effects of her impairments. [R. 13-1, at 4.] The record, however, does not support Trent's position. The ALJ found that Trent "does not have an impairment or *combination of impairments* that meets or medically equals one of the listed impairments" in 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 13 (emphasis added).] The ALJ discussed Trent's respiratory impairments and his mental impairment. "An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). The RFC adopted by the ALJ fairly depicted Trent's condition as required by *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777 (6th Cir. 1987). Thus, the ALJ implicitly considered the combined efforts of Trent's impairments.

### E.

Trent makes a cursory statement regarding her qualifications under the medical vocational guidelines. [R. 13-1, at 4.] This argument was not thoroughly briefed, and "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

**III.**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment [R. 13] is **DENIED**;

(2) Defendant's Motion for Summary Judgment [R. 15] is **GRANTED**; and

(3) **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of September, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge